**FILED**

JUN 3 0 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EDWARD H. GIARD, JR., :
:
    Plaintiff, :
:   06CV3575
V. :   JUDGE SHADUR
:   MAGISTRATE JUDGE LEVIN
PROFILE DESIGN, LLC, :
PROFILE DESIGN, INC., f/k/a :
PROFILE FOR SPEED, INC., and :
COLVIN HSIAO :   JURY TRIAL DEMANDED
:
Defendants. :

## COMPLAINT

The plaintiff, Edward H. Giard, Jr., by and through his attorneys, Schiff Hardin LLP, alleges for his Complaint against the defendants, Profile Design, LLC, Profile Design, Inc. f/k/a Profile for Speed, Inc., and Colvin Hsiao, as follows:

## PARTIES

1.    The plaintiff, Edward H. Giard, Jr. ("Mr. Giard") is an individual and a resident of the State of Vermont.

2.    The defendant, Profile Design, LLC ("Profile Design"), is a California limited liability company with a principal place of business at 2677 El Presidio Street, Carson, California. Profile Design conducts business in the State of Illinois and is authorized to transact business in the State of Illinois by the Secretary of State of the State of Illinois. Profile Design has designated Steven Johnson of Elk Grove Village as its agent for service of process in Illinois.

3. The defendant, Profile Design, Inc., f/k/a Profile for Speed, Inc. ("Profile for Speed") is an Illinois corporation which had a principal place of business at 156 N. Jefferson Street, Chicago, Illinois. Upon information and belief, the articles of incorporation of Profile for Speed, Inc. were amended so as to change its name to Profile Design, Inc. Upon information and belief, Profile for Speed was involuntarily dissolved by the Illinois Secretary of State on June 1, 2004. At the time of its dissolution, Profile for Speed had designated Steven Johnson of Elk Grove Village as its agent for service of process in Illinois.

4. Upon information and belief, the defendant, Mr. Colvin Hsiao ("Defendant Hsiao") is an individual and a resident of the State of California, and is an officer of Profile Design and was an officer and in control of Profile for Speed at the time of its dissolution. (Profile Design, Profile for Speed, and Defendant Hsiao are collectively referred to as "Defendants.")

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. The Court has personal jurisdiction over Defendants because: (1) they actively conduct or conducted business in the State of Illinois, Profile for Speed was an Illinois corporation at the time of its dissolution, and Profile Design is authorized to transact business in the State of Illinois; (2) this case arises out of duties owed to Mr. Giard by Defendants which were to breached in the State of Illinois; and (3) this case arises out of tortious conduct in the State of Illinois.

7. Venue is proper in the Northern District Court of Illinois pursuant to 28 U.S.C. § 1391 as Defendants conduct business in this District and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## BACKGROUND AND FACTS COMMON TO ALL COUNTS

8. This case involves Defendants improper breach of their fiduciary duty owed to Mr. Giard as a shareholder of Profile for Speed, their failure to adequately apprise Mr. Giard of significant business transactions and the financial condition of Profile for Speed, and their failure to apprise Mr. Giard of the dissolution of Profile for Speed and the improper continuation of its business operations. Defendants have further prevented Mr. Giard from adequately determining the present value of his stock in Profile for Speed by unlawfully denying access to the corporate books and records of Profile for Speed. Through this action, Mr. Giard seeks access to the corporate books and records of Profile for Speed to which he is lawfully entitled, a proper accounting, and an order compelling Defendants to purchase his shares at fair value.

9. In 1987, Mr. Giard and William F. Powers, II ("Mr. Powers") commenced a business and began designing, manufacturing, and distributing aerodynamic bicycle handlebars and other bicycle components. Mr. Giard invented, designed, and patented various products for sale in connection with their business.

10. In 1988, Mr. Powers incorporated Profile for Speed as an Illinois corporation.

11. On or about November 9, 1990, Mr. Giard exercised his right to purchase 10,000 common shares of the 90,000 shares of Profile for Speed issued and outstanding after exercise of his right to purchase.

3

12. On or about December 31, 1991, Mr. Giard resigned his employment from Profile for Speed. Mr. Giard did not sell or otherwise transfer his shares of stock of Profile for Speed and continues to own those shares.

13. On or about March 26, 1998, Mr. Powers entered into a Stock Purchase Agreement and Agreement of Shareholders (the "1998 Agreement") to sell 34,200 of his 80,000 shares of Profile for Speed to Defendant Hsiao of Profile Design, for $1,000,000.00. Mr. Giard was not a party to the 1998 Agreement and Defendants failed to notify Mr. Giard of this transaction at the time.

14. On or about July 15, 1999, Mr. Powers entered into a Stock Purchase Agreement (the "1999 Agreement") to sell the remainder of his shares of Profile for Speed to Profile Design for $1,180,000.00 and additional incentives and compensation to Mr. Powers. Pursuant to this same agreement, Defendant Hsiao also transferred all of his shares of Profile for Speed, which he had purchased pursuant to the 1998 Agreement, to Profile Design. Mr. Giard was not a party to the 1999 Agreement and Defendants failed to notify Mr. Giard of this transaction at the time.

15. As a result of the 1998 Agreement and 1999 Agreement, Profile Design purchased 80,000 shares of the outstanding 90,000 shares of Profile for Speed for $2,180,000.00. Mr. Giard continues to own the remaining 10,000 outstanding shares of Profile for Speed.

16. Upon information and belief, Defendant Hsiao was in control of Profile for Speed and caused a transfer of a significant portion of its assets without the transfer of any value to Profile for Speed. Despite Mr. Giard's status as a shareholder of record, Defendant Hsiao failed to notify Mr. Giard of any such transaction.

17. Despite his status as a shareholder of record, Defendants have failed to provide Mr. Giard with any annual reports or otherwise apprise him of the financial condition of Profile for Speed.

18. Upon information and belief, Profile for Speed has been dissolved without distribution of any assets to Mr. Giard as a shareholder, and Profile Design has continued Profile for Speed's business operations without any transfer of value to Profile for Speed. Defendants failed to notify Mr. Giard of this dissolution or of the nature of the continued business relationship between Profile for Speed and Profile Design.

19. Upon information and belief, Defendants Hsiao and Profile Design have wrongfully converted all or a significant portion of the assets of Profile for Speed, Profile Design has continued its business operations without transfer of value to Profile for Speed, and Defendant Hsiao has caused Profile Design to take such action. Defendants have failed to properly distribute any of the Profile for Speed's assets to Mr. Giard despite his status as a shareholder of that corporation.

20. On or about September 21, 2005, Mr. Giard, through his attorneys, made a written request to Defendant Hsiao to inspect and examine the corporate books and records of Profile for Speed, specifically requesting financial statements, including income statements and balance sheets from 1990 through the present, as well as documents related to the transfer of any significant assets, inventory, licensing arrangements, and valuation reports or analyses prepared for or on behalf of the companies. Said request was made for purposes of aiding in the determination of the present value of Mr. Giard's interest in Profile for Speed and in connection with possible sale of his shares in Profile for Speed.

21. Although Defendants did not object to Mr. Giard's written request, Defendants nonetheless failed to allow Mr. Giard to examine Profile for Speed's corporate books and records, refused to discuss the matter via telephone, and failed to accommodate Mr. Giard's attempts to schedule an in-person meeting.

22. On or about April 24, 2006, Mr. Giard, through his attorneys, made another written request to Defendant Hsiao to inspect and examine Profile for Speed's corporate books and records, again requesting the same specified materials.

23. Defendants have failed to permit Mr. Giard access to the requested books and records.

## FIRST COUNT
### (Breach of Fiduciary Duty)

24. Mr. Giard incorporates the allegations contained in Paragraphs 1 - 23 of this Complaint as if fully set forth herein.

25. Defendants Hsiao and Profile Design, in their capacity as shareholders of Profile for Speed, owed a fiduciary duty to Mr. Giard as a shareholder of Profile for Speed.

26. Additionally, Defendant Hsiao further owed a fiduciary duty to Mr. Giard by virtue of his position as an officer of Profile for Speed.

27. Despite Mr. Giard's status as a shareholder of record, Defendants Hsiao and Profile Design have willfully and intentionally failed to provide Mr. Giard any information regarding the Profile for Speed's business operations, financial condition, licensing arrangements, or of any significant transfers of corporate assets, thereby breaching their fiduciary duties to Mr. Giard.

28. Defendants Hsiao and Profile Design breached their fiduciary duties to Mr. Giard by the unlawful conversion of the assets and business of Profile for Speed for their own benefit and to the exclusion of Mr. Giard.

29. Defendants have unlawfully prevented Mr. Giard from obtaining information by refusing Mr. Giard lawful access to the corporate books and records of Profile for Speed and otherwise willfully disregarding their obligations to Mr. Giard as a shareholder of Profile for Speed for purposes of securing benefits to their own advantage.

30. As a direct and proximate result of Defendant Hsiao's and Defendant Profile Design's breach of their fiduciary duties, Mr. Giard has been damaged.

## SECOND COUNT
(Conversion)

31. Mr. Giard incorporates the allegations contained in Paragraphs 1 - 30 of this Complaint as if fully set forth herein.

32. Upon information and belief, Profile for Speed was dissolved on or about June 1, 2004. As such, its assets were required to be distributed amongst its shareholders.

33. Mr. Giard never received any of the assets of Profile for Speed after its dissolution despite his status as a shareholder of Profile for Speed and despite his resulting interest in the assets of Profile for Speed.

34. Upon information and belief, Defendant Hsiao has caused Profile Design to continute, and Profile Design has continued, Profile for Speed's business operations and, in doing so, Defendants Hsiao and Profile Design have retained all or a significant portion of the assets of Profile for Speed for their own use and to the exclusion of Mr. Giard.

35. Defendants have converted all or a signficant portion of the assets of Profile for Speed and have wrongfully divested Mr. Giard of his interest in Profile for Speed.

36. Defendants failed to notify Mr. Giard of the dissolution, the nature or amount of assets to be distributed to him in his status as a shareholder of Profile for Speed as a result of such dissolution, or the nature of the continuance of the former business of Profile for Speed.

## THIRD COUNT
### (Violation of the Illinois Business Corporation Act)

37. Mr. Giard incorporates the allegations contained in Paragraphs 1 - 36 of this Complaint as if fully set forth herein.

38. As a shareholder of record, Mr. Giard has a right to inspect and examine the corporate books and records.

39. Mr. Giard made repeated written requests for specific books and records for the good faith and proper purpose of aiding him in the determination of the present value of his stock in Profile for Speed and in connection with the possible sale of his shares in that corporation.

40. Defendants Hsiao and Profile for Speed has denied him the right to inspect the corporate books and records in violation of section 7.75 of the Illinois Business Corporation Act of 1983, 805 ILCS 5/7.75.

41. As a result of Defendant Hsiao and Profile for Speed's wrongful denial of access to the corporate records of Profile for Speed, Defendants is liable to Mr. Giard the statutory penalty of 10% of the present value of his shares pursuant to 805 ILCS 5/7.75(d).

## FOURTH COUNT
### (Violation of the Illinois Business Corporation Act)

42. Mr. Giard incorporates the allegations contained in Paragraphs 1 - 41 of this Complaint as if fully set forth herein.

43. Defendants have engaged in illegal and oppressive conduct and statutory misconduct by, inter alia, breaching the fiduciary duty owed to Mr. Giard; failing to notify Mr. Giard as a minority shareholder of significant business transactions and transfer of assets; preventing Mr. Giard from being able to adequately determine the present value of his stock; wrongfully denying access to corporate books and records in violation of 805 ILCS 5/7.75; and preventing Mr. Giard from knowing the financial condition of Profile for Speed and failing to provide him with any annual reports of Profile for Speed.

44. Defendant Profile Design and Profile for Speed are nonpublic corporations.

45. Mr. Giard seeks an accounting and/or appraisal of the present financial condition of Profile for Speed, and seeks a determination of the fair value of his shares of Profile for Speed pursuant to 805 ILCS 5/12.56(b)(5).

46. Mr. Giard seeks an order compelling Defendant Profile Design to purchase his shares of Profile for Speed at fair value, as determined by the Court, pursuant to 805 ILCS 5/12.56(b)(11).

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff, Edward H. Giard, Jr., requests an order granting the following relief:

1) An order compelling: (a) the production of the requested corporate books and records of Profile for Speed; (b) an accounting and/or appraisal of Profile for Speed's present

financial condition; (c) a determination of the fair value of Mr. Giard's shares in Profile for Speed; and (d) the purchase by Defendants of Mr. Giard's shares in Profile for Speed at fair value, including interest;

2) Judgment for damages in an amount to be determined at trial, including but not limited to an award of damages pursuant to 805 ILCS 5/12.56(b)(10);

3) Attorneys' fees, costs, and penalties pursuant to 805 ILCS 5/7.75(d); and

4) Such other legal or equitable relief as the Court deems just and proper.

DATED: June 30, 2006

THE PLAINTIFF,
EDWARD H. GIARD, JR.

By: *[signature]*

William M. Hannay ARDC #3125910
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel: 312.258.5500
Fax: 312.258.5600

OF COUNSEL
Thomas J. Finn
Paula Cruz Cedillo
McCARTER & ENGLISH LLP
CityPlace I, 185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

CH2\ 1467011.1