IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD H. GIARD, JR.,                )
                                     )
                Plaintiff,           )
                                     )
        v.                           )   No. 06 C 3575
                                     )
PROFILE DESIGN, LLC, et al.,         )
                                     )
                Defendants.          )

MEMORANDUM ORDER

Edward Giard, Jr. ("Giard") has brought a four-count Complaint against three defendants--Profile Design, LLC ("Profile Design"), Profile Design, Inc. f/k/a Profile for Speed, Inc. and Colvin Hsiao ("Hsiao")--seeking to invoke federal subject matter jurisdiction based on diversity of citizenship. Although it would seem most likely that the Complaint's flaws in that respect are curable, so that this Court is contemporaneously issuing its usual initial scheduling order, Giard's counsel must return to the drawing board to cure several defective allegations as to citizenship of the parties.

To begin with, both Giard (see Complaint ¶1) and Hsiao (see Complaint ¶4) are identified only in terms of their respective states of <u>residence</u>, rather than the relevant fact of their states of <u>citizenship</u>. As Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996), teaches:

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled

>that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

But instead of following that mandate and saddling Giard with another $350 filing fee, this opinion will grant a limited period of time to permit that error to be cured.

Next, even though Profile Design is described as a "limited liability company" (Complaint ¶2), Giard's counsel describes its citizenship in the terms that are reserved for ordinary corporations under 28 U.S.C. §1332(c)(1). That is wrong, as our Court of Appeals has taught on a number of occasions beginning with its decision in Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). That flaw must also be corrected.

In sum, Giard's counsel are given leave to file an appropriate amendment to the Complaint to confirm the existence of diversity of citizenship on a proper basis on or before July 17, 2006. In the absence of a timely amendment on that score, this Court would be constrained to dismiss this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 5, 2006